IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LATASHA MCKINZIE,

    Plaintiff,

v.    No. 1:25-cv-00525-LF

BANK OF AMERICA,

    Defendant.

## ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND ORDER TO AMEND OR SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 ("Complaint"), Doc. 1, filed June 4, 2025, and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed June 4, 2025 ("Application").

**Order Granting Application to Proceed *In Forma Pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de*

*Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income amount during the past 12 months is $1,888.00; (ii) Plaintiff's monthly expenses total $1,320.00; and (iii) Plaintiff has $20.00 in cash and no funds in bank accounts; and (iv) Plaintiff states "I only make enough money from my employer for living expenses." The Court finds that Plaintiff is unable to pay the costs of this proceeding because she signed an affidavit stating she is unable to pay the costs of this proceeding and because she stated she only makes enough money to pay her living expenses.

**Order to Amend or Show Cause**

Plaintiff alleges that Defendant discriminated against her and that during the New Mexico Department of Workforce Solution's investigation of Plaintiff's charge of discrimination:

> The defendant stated in their response that my check was not signed with the same signature as previous checks. I was a work from home employee and only had direct deposits. No checks were ever given by my employer signed.

Complaint at 2. There are no other factual allegations in the Complaint regarding Defendant's actions. The New Mexico Department of Workforce Solution's Letter of Determination ("Letter"), which Plaintiff attached to her Complaint, indicates Plaintiff alleged she "was discriminated against and denied public accommodation on the bases of race, color, national origin, and retaliated against in violation of the New Mexico Human Rights Act." Complaint

at 7.  The Letter states the New Mexico Department of Workforce Solutions determined there was no evidence showing that Defendant denied Plaintiff's check deposit due to Plaintiff's race, color or national origin, Defendant articulated a legitimate, nondiscriminatory reason for not initially depositing Plaintiff's check which was the signature on the check did not match the signature from other checks issued, and Plaintiff was able to deposit the check once the signature was verified.  *See* Complaint at 7.  The Complaint does not identify the relief Plaintiff seeks.

Plaintiff filed her Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983."  "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016).  The Complaint fails to state a claim pursuant to Section 1983 because there are no allegations showing that Defendant was acting under color of state law.

It appears Plaintiff may be asserting claims pursuant to Section 1981 which states:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a).  To state a claim of discrimination under Section 1981, a plaintiff must allege:

> (1) membership in a protected class; (2) the defendant intended to discriminate on the basis of race; and (3) the alleged discrimination interfered with a protected activity as defined in the statute (that is, making or enforcing a contract).

*Cruz v. Farmers Ins. Exchange*, 42 F.4th 1205, 1210 (10th Cir. 2022).  To state a claim of retaliation under Section 1981, a plaintiff must allege:

3

> (1) he engaged in protected activity; (2) he suffered an adverse [] action; and (3) there is a causal connection between his protected activity and the adverse [] action.

*Davis v. Unified School Dist. 500*, 750 F.3d 1168, 1170 (10th Cir. 2014).

The Complaint fails to state a Section 1981 discrimination claim because there are no allegations showing that Defendant intended to discriminate against Plaintiff on the basis of her race. The Complaint fails to state a Section 1981 retaliation claim because there are no allegations showing that Plaintiff engaged in a protected activity, that she suffered an adverse action, and that there is a causal connection between Plaintiff's protected activity and Defendant's adverse action.

The Court orders Plaintiff to either amend the complaint to plausibly state federal law claims or to show cause why Plaintiff believes the claims are sufficient in their current form. The amended complaint "must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Davison v. Grant Thornton LLP*, 582 Fed.Appx. 773, 775 (10th Cir. 2014) (quoting *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)); *Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018) ("a complaint need not provide 'detailed factual allegations,' it must give just enough factual detail to provide 'fair notice of what the ... claim is and the grounds upon which it rests.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The amended complaint must comply with the Federal and Local Rules of Civil Procedure. *See*, *for example*, Fed. R. Civ. P. 8(a)(3) (a complaint must contain "a demand for the relief sought); Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs").

**Service on Defendant**

Section 1915 provides that the "officers of the court shall issue and serve all process, and

4

perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to file an amended complaint or show cause why the Court should not dismiss this case. The Court will address service after this Order to Amend or Show Cause is resolved.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed June 4, 2025, is **GRANTED.**

(ii) Plaintiff shall, within 21 days of entry of this Order, either file an amended complaint to plausibly state federal law claims or show cause why Court should not dismiss the Complaint. Failure to timely file an amended complaint or show cause may result in dismissal of this case.

_____
Laura Fashing
United States Magistrate Judge