IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LATASHA MCKINZIE,

       Plaintiff,

v.                                                                                                                                                   No. 1:25-cv-00525-MIS-LF

BANK OF AMERICA,

       Defendant.

**OPINION AND ORDER OF DISMISSAL**
**AND ORDER GRANTING IN PART MOTION TO FILE ELECTRONICALLY**

      Plaintiff alleged that Defendant Bank of America discriminated against her and that during the New Mexico Department of Workforce Solution's investigation of Plaintiff's charge of discrimination:

> The defendant stated in their response that my check was not signed with the same signature as previous checks. I was a work from home employee and only had direct deposits. No checks were ever given by my employer signed.

Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 2, Doc. 1, filed June 4, 2025 ("Complaint"). There are no other factual allegations in the Complaint regarding Defendant's actions. The New Mexico Department of Workforce Solution's Letter of Determination ("Letter"), which Plaintiff attached to her Complaint, indicates Plaintiff alleged she "was discriminated against and denied public accommodation on the bases of race, color, national origin, and retaliated against in violation of the New Mexico Human Rights Act." Complaint at 7. The Letter states the New Mexico Department of Workforce Solutions determined there was no evidence showing that Defendant denied Plaintiff's check deposit due to Plaintiff's race, color or national origin, Defendant articulated a legitimate, nondiscriminatory reason for not initially depositing Plaintiff's check which was the signature on the check did not match the signature from other checks issued,

and Plaintiff was able to deposit the check once the signature was verified. *See* Complaint at 7. Plaintiff filed her Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983."

> United States Magistrate Judge Laura Fashing notified Plaintiff:
>
> "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). The Complaint fails to state a claim pursuant to Section 1983 because there are no allegations showing that Defendant was acting under color of state law.
>
> It appears Plaintiff may be asserting claims pursuant to Section 1981 which states:
>
>> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
>
> 42 U.S.C. § 1981(a). To state a claim of discrimination under Section 1981, a plaintiff must allege:
>
>> (1) membership in a protected class; (2) the defendant intended to discriminate on the basis of race; and (3) the alleged discrimination interfered with a protected activity as defined in the statute (that is, making or enforcing a contract).
>
> *Cruz v. Farmers Ins. Exchange*, 42 F.4th 1205, 1210 (10th Cir. 2022). To state a claim of retaliation under Section 1981, a plaintiff must allege:
>
>> (1) he engaged in protected activity; (2) he suffered an adverse [] action; and (3) there is a causal connection between his protected activity and the adverse [] action.
>
> *Davis v. Unified School Dist. 500*, 750 F.3d 1168, 1170 (10th Cir. 2014).
>
> The Complaint fails to state a Section 1981 discrimination claim because there are no allegations showing that Defendant intended to discriminate against Plaintiff on the basis of her race. The Complaint fails to state a Section 1981 retaliation claim because there are no allegations showing that Plaintiff engaged in a protected

      activity, that she suffered an adverse action, and that there is a causal connection between Plaintiff's protected activity and Defendant's adverse action.

Order to Show Cause at 3-4, Doc. 5, filed June 11, 2025.  Judge Fashing ordered Plaintiff to either amend the complaint to plausibly state federal law claims or to show cause why Plaintiff believes the claims are sufficient in their current form and stated the amended complaint "must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law."  Order to Show Cause at 4 (quoting *Davison v. Grant Thornton LLP*, 582 Fed.Appx. 773, 775 (10th Cir. 2014) (quoting *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)).  Plaintiff filed an Amended Complaint instead of showing cause why the claims in the original Complaint are sufficient.

      The Amended Complaint asserts a discrimination claim against Defendant pursuant to the New Mexico Human Rights Act.  *See* Amended Complaint Showing Probable Cause on Case at 1-3, Doc. 8, filed July 18, 2025 ("Amended Complaint").  The Amended Complaint does not identify any federal statutory or constitutional provisions under which this case arises.  The federal law claims in Plaintiff's original Complaint are no longer pending because Plaintiff has filed an Amended Complaint.  "An amended complaint supersedes the original complaint and renders the original complaint of no legal effect."  *Franklin v. Kansas Dept. of Corrections*, 160 Fed.Appx. 730, 734 (10th Cir. 2005) (citing *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir.1991)).

      With no federal law claims remaining in this case, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses this case.  *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding

3

them to state court when the federal claims to which they are supplemental have dropped out before trial").

**Order Granting in part Motion to File Electronically**

Plaintiff filed a Motion to File Electronically which states in its entirety "I, Latasha McKinzie, hereby file this motion to request hearing on my discrimination case against defendant Bank of America."  Doc. 9, filed July 18, 2025.

The Court grants Plaintiff's request to file electronically via CM/ECF and denies Plaintiff's request for a hearing as moot.  The Court grants Plaintiff permission to file electronically in this case only.  *See* Guide for Pro Se Litigants at 13, District of New Mexico (October 2022) ("approval to electronically file documents within a case must be granted by the presiding judge for each case in which the *pro se* litigant wishes to file using their CM/ECF account"). The Court will revoke permission to file electronically if Plaintiff abuses her electronic filing privilege or fails to comply with the rules and procedures in the District of New Mexico's Guide for Pro Se Litigants and the District of New Mexico's CM/ECF Administrative Procedures Manual.  Account registration forms, procedure manuals, and other information can be obtained at the Court's website at http://www.nmd.uscourts.gov/filing-information.  This Order only grants Plaintiff permission to participate in CM/ECF; Plaintiff is responsible for registering to become a participant.  *See* CM/ECF Administrative Procedures Manual, District of New Mexico (Revised June 2024).

**IT IS ORDERED** that:

    (i)    This case is **DISMISSED without prejudice.**

    (ii)    Plaintiff's Motion to File Electronically, Doc. 9, filed July 18, 2025, is **GRANTED in part** as follows: (a) the Court **GRANTS** Plaintiff's request to file electronically; and (b) the Court **DENIES** Plaintiff's request for a hearing.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE