IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LATASHA MCKINZIE,

    Plaintiff,

v.   No. 1:25-cv-00525-MIS-LF

BANK OF AMERICA,

    Defendant.

### ORDER DENYING MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS*

On June 4, 2025, *pro se* Plaintiff Latasha McKinzie filed a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 ("Complaint") asserting a claim under the New Mexico Human Rights Act alleging that Defendant Bank of America discriminated against her. *See* ECF No. 1 at 2. McKinzie also alleged that during the New Mexico Department of Workforce Solutions' investigation of McKinzie's charge of discrimination:

> The defendant stated in their response that my check was not signed with the same signature as previous checks. I was a work from home employee and only had direct deposits. No checks were ever given by my employer signed.

*Id.* at 2. There were no other factual allegations in the Complaint regarding Defendant's actions. McKinzie attached to her Complaint the New Mexico Department of Workforce Solutions' Letter of Determination which indicated McKinzie alleged she "was discriminated against and denied public accommodation on the bases of race, color, national origin, and retaliated against in violation of the New Mexico Human Rights Act." *Id.* at 7.

On June 11, 2025, United States Magistrate Judge Laura Fashing issued an Order to Show Cause notifying McKinzie that the Complaint failed to state a plausible federal-law claim and ordering Plaintiff to either file an amended complaint to plausibly state federal law claims or show cause why the Court should not dismiss the Complaint. *See* ECF No. 5 at 2-4 (stating that amended

complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law).  McKinzie filed an Amended Complaint on July 18, 2025.  *See* ECF No. 8.  On July 31, 2025, the undersigned issued an Order dismissing this case without prejudice because the Amended Complaint did not identify any federal statutory or constitutional provisions under which this case arises.  *See* ECF No. 10 at 3 (declining to exercise supplemental jurisdiction over Plaintiff's state-law claims).

On October 21, 2025, McKinzie filed a Notice of Appeal, ECF No. 12,[1] and an Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 13, which the Court construes as a motion for leave to proceed on appeal without prepayment of fees or costs.

McKinzie has filed two other cases against Bank of America based on the same facts.  *See McKinzie v. Bank of America*, No. 1:24-cv-00892-WJ-JMR ("*McKinzie I*"); *McKinzie v. Bank of America*, No. 1:25-cv-00754-MLG-JMR ("*McKinzie III*").[2]  On March 17, 2025, Senior United States District Judge William P. Johnson granted Bank of America's motion to dismiss and dismissed *McKinzie I* with prejudice for failure to state a claim.  *See McKinzie I*, ECF No. 29.

Thereafter, on June 4, 2025, McKinzie filed her Complaint in this case using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983."  *See* ECF No. 1.  Where the form Complaint directs plaintiffs to describe any other lawsuits they have begun "in state or federal court dealing with the same facts involved in this action," McKinzie did not notify the Court of

---

[1] Page 2 of the Notice of Appeal is blank because the Clerk's Office inadvertently scanned the back of page 1.

[2] McKinzie filed *McKinzie III* after the undersigned dismissed this case.  On October 9, 2025, United States District Judge Matthew L. Garcia dismissed *McKinzie III* with prejudice because McKinzie did not comply with United States Magistrate Judge Jennifer M. Rozzoni's order to show cause why the Court should not dismiss *McKinzie III* as barred by *res judicata*.  *See McKinzie III*, ECF No. 14.

*McKinzie I*. ECF No. 1 at 4. Nor did McKinzie's Amended Complaint notify the Court of *McKinzie I*.

"In order to succeed on [a motion for leave to proceed on appeal without prepayment of costs or fees], an appellant must show a financial inability to pay the required filing fees *and* the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (emphasis added). "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." *Spearman v. Collins*, 500 F. Appx. 742, 743 (10th Cir. 2012) (citing *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987); *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002) ("an appeal is frivolous if it lacks an arguable basis in either law or fact")).

Plaintiff has shown a financial inability to pay the required filing fees. However, Plaintiff has not set forth a nonfrivolous argument of error regarding the Court's dismissal of this case. In her Notice of Appeal, McKinzie states she is "filing this appeal because the decision made was on the bases of the previous Complaint and not that Human Rights Bureau, granting me the right to bring the case back to where it was filed for an appeal of their decision." ECF No. 12 at 1, 3, 4-5 (attaching Letter of Determination—No Probable Cause, dated May 6, 2025 [almost two months before Judge Fashing entered the order to show cause], Dept. of Workforce Solutions, Human Rights Bureau (dismissing McKinzie's complaint with prejudice and notifying McKinzie that she may appeal the Determination of No Probable Cause by appealing to District Court within 90 days). McKinzie's argument that the Court erred in dismissing this case based on the dismissal of *McKinzie I* is without merit. McKinzie did not notify the Court of *McKinzie I*. The Court dismissed this case because McKinzie's Amended Complaint failed to state a federal-law claim.

3

The Court denies McKinzie's motion for leave to appeal *in forma pauperis* because Plaintiff has not identified "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben*, 937 F.2d at 505.

**IT IS ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 13, filed October 21, 2025, is **DENIED.**

*Margaret Strickland*
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE